UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINGO CASTRO,

    Petitioner,

vs.                              Case No.:    3:16-cv-745-J-34MCR
                                                  3:12-cr-211-J-34MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Domingo Castro's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1; § 2255 Motion) and his "Motion to Amend Section 2255 Petition Pursuant to Rule 15(c)" (Civ. Doc. 15; Motion to Amend).[1] The United States moved to dismiss the § 2255 Motion, (Civ. Doc. 10; Motion to Dismiss), and responded in opposition to the Motion to Amend (Civ. Doc. 17; Response to Motion to Amend). Castro has replied to the government's response to his Motion to Amend. (Civ. Doc. 18; Reply). Thus, the matter is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required

---

[1] Citations to the record in the underlying criminal case, United States vs. Domingo Castro, Case No. 3:12-cr-211-J-34MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:16-cv-745-J-34MCR, will be denoted as "Civ. Doc. __."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

1

when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons set forth below, Castro's § 2255 Motion and Motion to Amend are due to be denied.

## I. Background

On December 19, 2012, a grand jury returned an indictment charging Castro with one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. (Crim. Doc. 1; Indictment). A few months later, on April 29, 2013, Castro pled guilty to the charge without a plea agreement. (See Crim. Doc. 39; Change of Plea Transcript).

Before the sentencing hearing, the Probation Office prepared a Presentence Investigation Report (PSR), in which the Probation Office recommended that Castro be classified as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"). PSR at ¶ 22. In support of the career offender enhancement, the Probation Office cited a 1980 federal conviction for bank robbery in the United States District Court for the Northern District of Indiana and a 2005 state-court conviction for robbery in Florida. Id. The PSR recommended that Castro's total offense level under the Sentencing Guidelines be calculated at 29 and that his Criminal History Category be a VI. Id. at ¶¶ 26, 49.

---

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

After some investigation into Castro's prior convictions, Castro's counsel declined to object to the career offender enhancement or to the Sentencing Guidelines calculation. (Crim. Doc. 40; Sentencing Transcript at 4-5). As such, the Court accepted the Probation Office's calculation, which yielded an advisory sentencing range of 151 to 188 months in prison. Id. at 5. Castro's counsel argued for a downward variance based upon the factors set forth in 18 U.S.C. § 3553(a). In doing so, counsel contended that Castro's lengthy criminal record was due in large part to the disintegration of his family at a young age, but that Castro was ready to turn his life around since reconnecting with members of his family. See id. at 7-16. Castro's counsel also argued that the career offender enhancement created an overly severe sentencing range. Id. at 14-16.

The Court declined to grant a downward variance. The Court expressed concern regarding Castro's extensive criminal history, which included not only the two convictions underlying the career offender enhancement, but also included prior convictions for burglary, attempted murder, battery, and possession of a controlled substance, as well as numerous arrests. Id. at 16-18. The Court observed that "the only time Mr. Castro has not been committing offenses has been when he has been incarcerated, and his offenses run the gamut from drugs, robberies, carjacking, burglary, escape, DUI, battery, theft, bank robbery. They run the gamut." Id. at 18-19. Indeed, Castro committed the instant bank robbery offense just five days after being released from prison. Id. at 18. As such, the Court sentenced Castro to a term of 180 months in prison, finding that such a sentence was sufficient but not greater than necessary to accomplish the statutory purposes of sentencing. Id. at 19. (See also Crim. Doc. 32; Judgment).

Castro filed a notice of appeal (Crim. Doc. 34; Notice of Appeal), after which Castro's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). On May 30, 2014, the Eleventh Circuit Court of Appeals affirmed Castro's conviction and sentence. United States v. Castro, 567 F. App'x 872 (11th Cir. 2014). Castro did not petition the United States Supreme Court for a writ of certiorari. Therefore, Castro's conviction and sentence became final 90 days later, on August 18, 2014, when time expired to file a petition for certiorari review. See Clay v. United States, 537 U.S. 522, 532 (2003).

Castro filed the instant § 2255 Motion on or about June 16, 2016. In the § 2255 Motion, Castro raises a single claim: that the career offender enhancement is unconstitutional in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[4] Castro argues that the career offender enhancement was based on the career offender provision's residual clause, U.S.S.G. § 4B1.2(a)(2) (2013), and that the holding in Johnson applies with equal force to the career offender guideline as it does to the Armed Career Criminal Act (ACCA). The United States moved to dismiss this claim based on the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886, 897 (2017), in which the Supreme Court held that Johnson does not invalidate the residual clause of the guidelines' career offender provision. See Motion to Dismiss.

Castro then filed the Motion to Amend on or about March 1, 2018, about one year and nine months after filing the § 2255 Motion. In the Motion to Amend, Castro seeks to add a claim that counsel was ineffective for failing to object to the career offender enhancement on the ground that one or both of his predicate convictions fell outside the

---

[4] The Court assumes, for the sake of argument, that the original § 2255 Motion is timely under 28 U.S.C. § 2255(f).

4

"look-back" period for counting a prior conviction as a crime of violence. See Motion to Amend at 2; see also U.S.S.G. § 4B1.2(e) (2013).[5] The United States responds that the new claim is untimely and does not relate back to the original § 2255 Motion, and alternatively, that the new claim lacks merit because the career offender predicate convictions fell within § 4B1.2's look-back period. See Response to Motion to Amend.

## II. Discussion

The Sentencing Guidelines apply an increased offense level and the maximum Criminal History Category (Category VI) to any defendant who is determined to be a "career offender." U.S.S.G § 4B1.1(b). According to the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). At the time of Castro's sentencing, the career offender provision defined the term "crime of violence" as meaning

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

---

[5] Any prior sentence of imprisonment exceeding one year and one month that was imposed, or resulted in the defendant's incarceration, within 15 years of the commencement of the offense of conviction is counted as a career offender predicate. U.S.S.G. § 4A1.2(e)(1). Any other prior sentence that was imposed within 10 years of the commencement of the offense of conviction is counted as well. Id., § 4A1.2(e)(2). "Any prior sentence not within the time periods specified above is not counted." Id., § 4A1.2(e)(3).

5

U.S.S.G. § 4B1.2(a) (2013) (emphasis added).[6] Subsection (1) of this provision is referred to as the elements clause, the first twelve words of subsection (2) are referred to as the enumerated offense clause, and the rest of subsection (2), which is emphasized above, is referred to as the residual clause. United States v. Ford, 701 F. App'x 817, 819 (11th Cir. 2017) (citing United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012)).[7]

In Johnson v. United States, the Supreme Court held that the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Johnson, 135 S. Ct. at 2563. The ACCA's residual clause and the career offender provision's residual clause are textually identical. Compare 18 U.S.C. § 924(e)(2)(B)(ii) with U.S.S.G. § 4B1.2(a)(2) (2013). However, unlike the career offender provision in the Sentencing Guidelines, the ACCA increases a defendant's mandatory minimum sentence beyond the maximum sentence that could otherwise be imposed. See Beckles, 137 S. Ct. at 892 ("The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years."). By contrast, "the advisory Guidelines do not fix the permissible range of sentences," but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. Because the Sentencing Guidelines neither define an offense nor fix the punishment, the Supreme Court held in Beckles that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Id. See also United States v. Matchett,

---

[6] The commentary to § 4B1.2 listed additional crimes as "crimes of violence," including murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, and robbery. U.S.S.G. § 4B1.2 n.1 (2013).

[7] In 2016, the United States Sentencing Commission eliminated § 4B1.2(a)'s residual clause and replaced it with a list of enumerated offenses. See Amendment 798, U.S.S.G. App'x C.

6

837 F.3d 1118, 1122-25 (11th Cir. 2016) ("Matchett II") (respecting the denial of rehearing en banc) (explaining that the void-for-vagueness doctrine does not apply to the career offender provision because advisory Sentencing Guidelines do not implicate the interests of fair notice and arbitrary enforcement); United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015) ("Matchett I") (holding that the void-for-vagueness doctrine does not apply to the career offender provision because advisory Sentencing Guidelines neither define offenses nor fix punishments).

The Supreme Court's holding in Beckles forecloses Castro's claim under Johnson. Even assuming, arguendo, that Castro's career offender enhancement was based on § 4B1.2(a)'s residual clause, that clause is not void for vagueness and Johnson's holding has no application. Beckles, 137 S. Ct. at 892, 897. As such, Castro's claim for relief based on Johnson fails on the merits.

Castro also seems to argue that his career offender enhancement is based on an erroneous application of the categorical approach. See § 2255 Motion at 1, 2-4. Castro suggests that his predicate convictions for federal bank robbery and Florida robbery do not qualify as "crimes of violence" under the career offender provision's elements clause. See id. This claim also fails for two separate reasons.

First, an alleged misapplication of the career offender guideline is not cognizable under 28 U.S.C. § 2255 because such a mistake neither renders the sentence illegal nor violates an "ancient" or constitutional right. Spencer v. United States, 773 F.3d 1132, 1138-41 (11th Cir. 2014) (en banc). Second, Castro's prior convictions for federal bank robbery and Florida robbery do, in fact, meet § 4B1.2's definition of a crime of violence under the categorical approach. In In re Sams, the Eleventh Circuit ruled that federal bank robbery

is the equivalent of generic robbery, which is listed as a crime of violence under § 4B1.2's binding commentary. 830 F.3d 1234, 1240-41 (11th Cir. 2016).[8] And in United States v. Lockley, 632 F.3d 1238 (11th Cir. 2011), the Eleventh Circuit held that Florida robbery categorically qualifies as a crime of violence under § 4B1.2(a) both because (1) Florida robbery is equivalent to generic robbery, id. at 1241-45, and (2) Florida robbery categorically involves the use, attempted use, or threatened use of physical force against the person of another for purposes of § 4B1.2(a)'s elements clause, id. at 1245. Accordingly, even if Castro could challenge the application of the career offender guideline, his claim would fail. For these reasons, the claims raised in the § 2255 Motion are due to be denied.

### III.  Motion to Amend

After the United States Supreme Court decided Beckles, Castro sought leave to amend the § 2255 Motion to add a claim that counsel was ineffective for failing to object to the career offender enhancement. Castro contends that counsel should have objected to the career offender enhancement because the sentences for the predicate convictions were not imposed within 10 years preceding commencement of the offense of conviction. Motion to Amend at 2 (citing U.S.S.G. § 4A1.2(e)(1)-(2)). The United States responds that this claim is untimely and does not relate back to the § 2255 Motion, and in any event, that the claim lacks merit.

---

[8]  In Sams, the Eleventh Circuit also held that federal bank robbery is categorically a crime of violence, for purposes of 18 U.S.C. § 924(c)(3)(A), because it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. Id. at 1139. Because U.S.S.G. § 4B1.2(a)'s elements clause and § 924(c)(3)'s elements clause use nearly identical wording, Sams's holding suggests that federal bank robbery would also qualify as a crime of violence under § 4B1.2(a)'s elements clause.

The United States is correct on both points. First, the new ineffective assistance claim is untimely and does not relate back to the filing of the § 2255 Motion. Under 28 U.S.C. § 2255(f)(1), Castro had one year from the date his conviction and sentence became final (August 18, 2014), or until August 18, 2015, to move for relief under § 2255.[9] Section 2255(f)'s statute of limitations applies on a claim-by-claim basis. Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (citing Zack v. Tucker, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc)).[10] Castro raised the instant ineffective assistance claim on or around March 1, 2018 – about three and a half years after his conviction and sentence became final. Thus, the claim is untimely under § 2255(f)(1). The only way to avoid the statute of limitations is if the claim relates back to the original § 2255 Motion under Rule 15(c), Federal Rules of Civil Procedure.

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence" in habeas cases that would be "capacious" enough to allow new claims to relate back merely because the new claims arose from the same trial, conviction, or sentence. Id. at 656-64. Rather, the

---

[9] There is no indication that the extended statutes of limitations under §§ 2255(f)(2)-(4) apply to Castro's proposed ineffective assistance claim.

[10] The Court determined that the Johnson claim rejected above, regardless of its merit in light of Beckles, was timely under 28 U.S.C. § 2255(f)(3) because Castro challenged the career offender sentence within one year of the Supreme Court's decision in Johnson. But because § 2255(f)'s statute of limitations applies on a claim-by-claim basis, Beeman, 871 F.3d at 1219, Castro's proposed ineffective assistance claim cannot piggyback on the unrelated Johnson claim so as to be rendered timely. As explained here, the ineffective assistance claim proposed in the Motion to Amend is time-barred and does not relate back to the filing of the § 2255 Motion.

9

Supreme Court approved a narrower reading of "conduct, transaction, or occurrence," which would "allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657 (citation omitted); see also id. at 664 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.") (footnote omitted).

Castro's proposed ineffective assistance claim does not relate back to the § 2255 Motion because it does not arise from the same core facts as the timely-filed claims. In the § 2255 Motion, Castro argued that the career offender enhancement was illegal because the residual clause is unconstitutionally vague and because his predicate convictions do not qualify as crimes of violence under a proper application of the categorical approach. See § 2255 Motion. However, Castro alleged no facts and raised no argument whatsoever regarding the effectiveness of his trial counsel. Nor did Castro raise any argument that his predicate convictions did not qualify as crimes of violence because the prior sentences fell outside of § 4A1.2(e)'s 10- and 15-year "look-back" periods. See Footnote 5, supra. As such, the new ineffective assistance claim is not "tied to a common core of operative facts" and "relation back will [not] be in order." Mayle, 545 U.S. at 664. Because the new claim does not relate back, it is barred by the statute of limitations.

Additionally, the ineffective assistance claim would fail on the merits. As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance prejudiced his defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks, 26 F.3d at 1036. The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

The record reflects that counsel investigated whether Castro's prior sentence for federal bank robbery fell within § 4A1.2(e)'s look-back period. As counsel explained at the sentencing hearing,

> When I initially made the objection [to the career offender guideline], I did it based on a lack of there being a record showing when Mr. Castro was released on that 1980 sentence [for federal bank robbery]. Very early on in this case, because of the age of some of the convictions, we made numerous records requests to the other jurisdictions that were involved, and in some

> instances we got no records back, either because of the age of the document or they simply didn't have it.
>
> So at the time that I made that objection, I didn't have anything to indicate to me that that conviction would fall within the 15-year time period. I met with the probation officer, and he was able to show me a BOP record that demonstrated that sentence.
>
> So I am withdrawing the objection with respect to that aspect of my objections to the career offender sentence, but during my argument, I will make objections for a variance under the 3553(a) factors.

Sentencing Transcript at 4-5. Thus, the record reflects that counsel made a reasoned and informed decision to drop the objection to the career offender enhancement, based on the probation officer showing her a record from the Bureau of Prisons demonstrating that Castro's prior sentence for bank robbery fell within § 4A1.2(e)'s 15-year look-back period. See U.S.S.G. § 4A1.2(e)(1).

The PSR further confirms that both of Castro's predicate sentences fell within § 4A1.2(e)'s lookback period. As noted earlier, any prior sentence of imprisonment exceeding one year and one month that was imposed, or resulted in the defendant's incarceration, within 15 years of commencing the offense of conviction is counted as a career offender predicate. U.S.S.G. § 4A1.2(e)(1). In 1980, a federal court sentenced Castro to 20 years in prison for bank robbery, and he was not released from that sentence until August 27, 2002 – less than 15 years before committing the instant bank robbery offense. See PSR at ¶ 34. In 2006, a Florida court sentenced Castro to 90 months in prison for robbery, PSR at ¶ 45, and Castro had been released from that sentence for only five days before he committed the instant bank robbery offense, see Sentencing Transcript at 7. As such, Castro's prior convictions for federal bank robbery and Florida robbery fell within § 4A1.2(e)(1)'s lookback period, and any objection to the contrary would have been

meritless. Therefore, counsel's decision not to object to the career offender enhancement did not amount to ineffective assistance. Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) ("Defense counsel, of course, need not make meritless motions or lodge futile objections.") (citations omitted).

Based on the foregoing, Castro's Motion to Amend raises an ineffective assistance claim that is meritless as well as untimely. Because the proposed claim is both time-barred and meritless, the Motion to Amend is due to be denied.

### IV.     Certificate of Appealability

If Castro seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Castro "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

13

whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner Domingo Castro's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) and Motion to Amend (Civ. Doc. 15) are **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Domingo Castro, and close the file.

3. If Castro appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of May, 2019.

*MARCIA MORALES HOWARD*
United States District Judge

Lc 19

Copies:

Counsel of Record

Pro se petitioner

14